IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL ACTION |
| v. | : NO. 19-688 |
| CHARLES SALLEY | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                        **February 9, 2023**

      Charles Salley admitted violently threatening a witness testifying against one of his friends charged with drug conspiracy. He agreed we should sentence him in a range which allowed us to impose a lighter sentence of ninety months. We imposed this sentence after releasing him from pretrial custody knowing his physical condition including his need for treatment for mental health and renal disease. We recommended the Bureau of Prisons place Mr. Salley in custody at a Federal Medical Center. It did so. Mr. Salley immediately asked for release on his first day in the Facility and we denied his request approximately a year ago. He now returns arguing the medical center facility is not promptly responding to his need for kidney treatment. But he has not exhausted his obligations to request the Facility to do so. And even if he had, we cannot find his kidney condition (while constituting extraordinary and compelling reasons for release) alone allows us to reduce his agreed ninety-month sentence today. We deny Mr. Salley's second request for compassionate release without prejudice.

I.  **Background**

Mr. Salley is currently serving a ninety-month sentence following his conviction for witness tampering.[1] Mr. Salley threatened a federal witness with acts of violence before the witness testified at trial against Mr. Salley's associates in November 2019.[2]

Mr. Salley is a large man with several medical conditions. He is an accomplished musician well known for his talents. We first learned of Mr. Salley's medical conditions during his pretrial motions as largely detailed in our November 30, 2020 Memorandum.[3] We found evidence Mr. Salley suffered from hypertension, hyperlipidemia, asthma, history of heart attack and strokes, renal disease, history of a kidney transplant for which he took various immunosuppressant medications, Type 2 diabetes mellitus, and elevated creatine levels requiring hospitalization.[4] We later granted Mr. Salley's Motion for pretrial release and home incarceration.[5] Mr. Salley sought alternative housing arrangements including an ability to produce his music before beginning incarceration.[6] We granted his request and he largely complied with pretrial supervision.[7]

Mr. Salley agreed he threatened a federal witness in a drug trial. He also agreed to a sentencing range of eighty-four to one-hundred-five months.[8] We evaluated all the evidence including Mr. Salley's statements and sentenced him to ninety months on August 6, 2021 with credit for the time served before we placed him on home detention during the height of the COVID-19 pandemic.[9] We recommended at sentencing the Bureau of Prisons designate Mr. Salley to a medical facility where he can be provided with mental health evaluations and treatment during incarceration.[10] The Bureau of Prisons placed Mr. Salley at Federal Medical Center Devens in Ayer, Massachusetts.[11] FMC Devens is "[a]n administrative security federal medical center."[12] The Health Services Department at FMC Devens has outpatient and inpatient services and provides on-site care seven days a week.[13]

We allowed Mr. Salley to self-report on September 30, 2021. He moved for compassionate release approximately six weeks into his sentence. We again reviewed Mr. Salley's medical conditions in great detail. The medical records identified Mr. Salley's medical conditions as end stage renal disease, post kidney-transplant course complicated by acute rejection, heart attack, hypertension, hyperlipidemia, and diabetes.[14] We found evidence "Mr. Salley's medical conditions, especially his end-stage renal disease, considering the COVID-19 pandemic constitute extraordinary and compelling reasons for a modification of his sentence."[15] But we also found Congress's section 3553 factors counseled against release.[16] We denied his first request for compassionate release on January 27, 2022.[17]

Mr. Salley now returns again seeking release from his agreed sentence less than twelve months later. He claims to have completed thirty-three months of his ninety-month sentence with credit for time served although he has been in FMC Devens for approximately sixteen months since his September 30, 2021 report date. The updated medical records confirm he still suffers from hypertension, hyperlipidemia, anemia, asthma, heart issues, seizures, strokes, anxiety, diabetes, food allergies, and stage four renal disease.[18] Mr. Salley's primary medical complaint today is his renal failure and the Facility's treatment of renal failure. Mr. Salley's creatine levels continued to rise after his body rejected his first kidney transplant.[19] FMC Devens began to perform tests for another kidney transplant in December 2021.[20] Dr. Aditya S. Pawar of Beth Israel Deaconess Medical Center recommended Mr. Salley for pre-kidney transplant evaluation in June 2022 once FMC Devens approved the procedure.[21] The Bureau of Prisons deferred Mr. Salley's transplant evaluation for three months in December 2022 because of "non-compliance to medication and treatment regimens."[22] Mr. Salley has not addressed this deferral through the Bureau of Prisons' administrative remedy process. Mr. Salley's latest medical visit on January 4,

3

2023 emphasizes his renal function has declined to the point he needs to be evaluated for re-initiation of dialysis.[23]

Mr. Salley also claims his health is further complicated by the COVID-19 pandemic. Mr. Salley contracted COVID-19 resulting in his admission to the intensive care unit while on home confinement in November 2020.[24] Mr. Salley has now been fully vaccinated against COVID-19 since July 28, 2022.[25] We have no further evidence of his contracting COVID-19.

## II. Analysis

Mr. Salley again moves for compassionate release citing the COVID-19 pandemic and his underlying medical conditions as well as his conditions of confinement.[26] Mr. Salley contends he is in urgent need of a kidney transplant outside FMC Devens and the Facility has not approved the procedure.[27] He also contends his health issues and conditions of confinement should be viewed in light of the COVID-19 pandemic and constitute extraordinary and compelling reasons warranting release.[28] The United States opposes release at this stage arguing Mr. Salley should address inadequate medical care through the Bureau of Prisons's administrative process rather than compassionate release, COVID-19 does not today present a basis for extraordinary and compelling reasons for a vaccinated person, and Congress's section 3553 factors weigh against release.[29]

Congress allows us to grant compassionate release if Mr. Salley: (1) "fully exhaust[s] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier;" (2) shows "extraordinary and compelling reasons warrant" a reduction; and (3) shows "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[30] But we are also guided by the United States Sentencing Commission's recent proposed amendments expanding what constitutes extraordinary

4

and compelling reasons warranting sentencing modification.[31] Our Court of Appeals instructs policy statements are "not binding," but "shed[] light on the meaning of extraordinary and compelling reasons."[32] We also must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable."[33] Mr. Salley "bears the burden of proving that extraordinary and compelling reasons exist."[34]

### A. Mr. Salley did not exhaust his administrative remedies.

Mr. Salley has not exhausted his administrative remedies regarding his kidney disease treatment and transplant. Mr. Salley argues he exhausted his administrative remedies when the Bureau of Prisons denied his September 30, 2021 (his first day of reporting at FMC Devens) petition for compassionate release based on the pandemic and his medical conditions.[35] The United States argues Mr. Salley has not made any administrative complaint regarding his kidney treatment and compassionate release is not the proper avenue to address Mr. Salley's alleged inadequate medical treatment for his kidney transplant at FMC Devens.[36] We agree with the United States.

Congress requires Mr. Salley "fully exhaust[s] all administrative rights" within the Bureau of Prisons before pursuing compassionate release.[37] The Bureau of Prisons's administrative remedy process calls for expedited response when the administrative request is "determined to be of an emergency nature which threatens the inmate's immediate health or welfare."[38] Our Court of Appeals has required "strict compliance" with the exhaustion requirement.[39] The purpose of the exhaustion requirement is to put the Bureau of Prisons on notice of the grounds for compassionate release and "provide the Bureau [of Prisons] with the information necessary to move for release on a defendant's behalf."[40]

Mr. Salley does not adduce evidence of pursuing relief through the Bureau of Prisons's administrative relief process addressing his kidney transplant. We are persuaded compassionate

5

release is not meant as a work around to address Mr. Salley's alleged inadequate medical treatment regarding his kidney transplant.[41] Judge Jones held in *United States v. Williams* "if inadequate medical care is an issue," there are "available administrative means to address [those] issues."[42] Chief Judge Sanchez held in *United States v. Grant* complaints regarding prison conditions should initially be presented in an administrative forum and not in a motion for compassionate release.[43]

Mr. Salley has not demonstrated he exhausted his administrative remedies regarding his kidney transplant.[44] Judge Pratter denied a motion for compassionate release for failure to exhaust remedies in *United States v. Melendez* when the motion presented different grounds than the grounds in the request to the Bureau of Prisons.[45] Judge Pratter persuades us, and in compliance with our Court of Appeals's instruction in *Raia*, Mr. Salley's argument he exhausted administrative remedies when the Bureau of Prisons denied his first-day September 30, 2021 petition for compassionate release fails because the petition did not address the alleged delay in scheduling his needed kidney transplant.[46] We also agree with Judge Jones and Chief Judge Sanchez. Mr. Salley must fully exhaust the administrative remedies available before seeking compassionate release based on his alleged delay in receiving a kidney transplant.[47] We acknowledge FMC Devens's decision to defer Mr. Salley's kidney transplant by three months is at least in part due to his own noncompliance with treatment protocols.[48] We further agree with Judge Williams's reasoning in *United States v. Gonzalez Zambrano*, "[i]t would be paradoxical to endorse a system whereby a defendant could proffer extraordinary and compelling circumstances for compassionate release by refusing health care offered to them."[49] Mr. Salley must first fully address and attempt to resolve his alleged inadequate medical care with FMC Devens, a full medical facility specializing in kidney disease, before seeking compassionate release based on the lack of approval for his kidney transplant.[50]

6

### B. Mr. Salley presents extraordinary and compelling reasons warranting sentence modification.

Mr. Salley has not exhausted his claim. We deny his claim as unexhausted. But we will consider the merits of Mr. Salley's Motion in the hopes of providing him clarity for future motions for compassionate release.[51]

Mr. Salley seeks compassionate release because of his serious medical issues, including end-stage renal failure, and his heightened risk of severe illness or death if he were to contract COVID-19.[52] He again argues his conditions of confinement during a global pandemic violate the Eighth Amendment.[53] Mr. Salley contends his health issues and conditions of confinement in light of COVID-19 constitute extraordinary and compelling reasons warranting modification of sentence.[54] The United States counters Mr. Salley does not present extraordinary and compelling reasons because he is not suffering from a terminal disease or a condition not properly treatable by the Bureau of Prisons.[55] The United States also argues FMC Devens's protocols combatting COVID-19 and Mr. Salley's vaccination status prevent a finding of extraordinary and compelling circumstances.[56] We disagree in part with the United States as to Mr. Salley's extraordinary and compelling reasons for sentence modification.[57]

Mr. Salley meets the extraordinary and compelling reasons prong considering his serious medical conditions. We first found Mr. Salley presented extraordinary and compelling reasons for release based on his medical conditions and COVID-19 when we addressed his first motion for compassionate release in January 2022.[58] Our review of his current medical records show he is largely in the same medical condition, if not worse, than in January 2022.[59] We again find Mr. Salley's medical conditions serious and extensive because he has "end-stage renal disease; chronic kidney disease stage 4; hypertension; uncontrolled diabetes; hyperlipidemia; anemia; acute rejection of his kidney transplant requiring another transplant; and, a history of heart attacks,

7

strokes, drug use, and possibly seizures."[60] We do not discredit Mr. Salley's need for another kidney transplant.[61]

Mr. Salley's decision to vaccinate against COVID-19 is the only notable difference in Mr. Salley's medical condition since January 2022.[62] Mr. Salley became fully vaccinated against COVID-19 after accepting the Moderna vaccine in July 2022.[63] Although Mr. Salley's vaccination decreases his risk of severe illness or death, we do not seek to penalize Mr. Salley's decision to vaccinate. His medical condition goes beyond COVID-19 risk.

We continue to find Mr. Salley's medical conditions, especially his end-stage renal disease, constitute extraordinary and compelling reasons for a modification of his sentence.[64] But we must also analyze Congress's sentencing purposes under section 3553(a) factors.

### C. Congress's section 3553 factors counsel against release.

Mr. Salley argues he acknowledges the seriousness of his crime, he is not a danger to the community, and his conduct while incarcerated establishes the purposes of punishment have been met.[65] Mr. Salley contends he will live with his wife in Massachusetts upon release.[66] The United States counters releasing Mr. Salley would not protect the community, reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense.[67] We agree with the United States.

Congress allows us to reduce a sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable."[68] We "should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence."[69]

We considered the section 3553 sentencing factors both at sentencing and when detailing our reasons for denying Mr. Salley's first motion for compassionate release.[70] Mr. Salley plead

8

guilty to the serious crime of witness tampering. He <u>agreed</u> to serve eighty-four to one hundred and five months as a condition of his plea.[71] We acknowledged Mr. Salley has a lengthy criminal history with crimes dating back to 2000 and has a history of admitted drug abuse evidenced by his medical records.[72] Mr. Salley plead guilty with an agreed sentencing range in mind and with most of his present medical conditions during the pandemic.[73] Mr. Salley had served just over twenty percent of his ninety-month sentence when we addressed his first motion for compassionate release. We found his approximately eighteen months served "insufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or adequately deter future criminal conduct on the part of Mr. Salley and others."[74]

The time presently served is thirty-three months with good time credit.[75] Mr. Salley sought compassionate release on his first day at FMC Devens. He apparently thought he could show up and then go home. We denied his immediate request for compassionate release although we found his health conditions warranted a finding of extraordinary and compelling reasons. We denied his request because release did not meet the goals of sentencing.

Mr. Salley has served a little over sixteen months of his sentence at FMC Devens. He is afforded the highest-level medical treatment in federal facilities. He has not exhausted his internal processes concerning his treatment. We cannot find grounds to release him today. His limited incarceration for his admitted crime after he agreed to serve up to one hundred-and-five months remains insufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or adequately deter future criminal conduct on the part of Mr. Salley and others.[76] Mr. Salley's sentence of ninety months remains sufficient but not greater than necessary to accomplish the goals of sentencing.

9

## III. Conclusion

We considered Mr. Salley's medical conditions at the time of sentencing, when addressing his first Motion for compassionate release, and again today. We recommended he be placed at a medical facility, and the Bureau of Prisons placed Mr. Salley at FMC Devens. We again are not unsympathetic to Mr. Salley considering his medical conditions. He is currently undergoing evaluation for another kidney transplant and hope his compliance with treatment instructions improves. But both Mr. Salley's need to exhaust the Bureau of Prisons's administrative remedies regarding his kidney transplant and the sentencing factors counsel against sentence modification today. We deny Mr. Salley's motion for compassionate release because granting such relief would undermine the goal of the original sentence.

---

[1] ECF Doc. No. 132.

[2] ECF Doc. No. 125 at 1.

[3] ECF Doc. Nos. 31, 33, 36, 40, 69.

[4] ECF Doc. No. 80 at 5–7.

[5] ECF Doc. Nos. 69, 80, 81.

[6] ECF Doc. Nos. 106, 109. 114.

[7] ECF Doc. No. 121. Mr. Salley did not comply when he chose to visit a department store as captured on Instagram. ECF Doc. No. 97.

[8] ECF Doc. No. 119.

---

[9] ECF Doc. No. 132. at 2.

[10] *Id.*

[11] https://www.bop.gov/locations/institutions/dev/ (last visited Feb. 8, 2023).

[12] *FMC Devens Inmate Admission & Orientation Handbook*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/dev/DEV_aohandbook.pdf at 1 (last visited Feb. 8, 2023).

[13] *Id.* at 31 (last visited Feb. 8, 2023).

[14] ECF Doc. Nos. 146, 150, 158, 162 at 3–5.

[15] ECF Doc. No. 162 at 6–8.

[16] *Id.* at 8–9.

[17] ECF Doc. No. 162.

[18] ECF Doc. No. 171-1 at 7; ECF Doc. No. 172.

[19] ECF Doc. No. 146 at 5, 11–12.

[20] *Id.*

[21] ECF Doc. No. 167–1 at 8.

[22] ECF Doc. No. 172 at 26–27. Mr. Salley "missed a couple of appointments" and has been advised to maintain appropriate conduct and avoid disciplinary issues. *Id.*

[23] ECF Doc. No. 172 at 5.

[24] ECF Doc. No. 74 at 4.

[25] ECF Doc. No. 172 at 440.

[26] ECF Doc. No. 171–1.

[27] *Id.* at 8.

[28] *Id.* at 8–13.

[29] ECF Doc. No 165.

[30] 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021) ("[A] a prisoner's motion may be granted if the court finds that the sentence reduction is (1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a), to the extent they are applicable.") (further citation omitted).

[31] The United States Sentencing Commission proposed new amendments for reductions in term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on January 12, 2023. The proposed changes relevant to Mr. Salley would expand the definition of extraordinary and compelling reasons to include incarcerated citizens suffering from a medical condition requiring long-term or specialized treatment not being provided in a timely or adequate manner and unmitigable risk of suffering severe medical complications from exposure to ongoing outbreaks of infectious diseases and public health emergencies. Mr. Salley would likely fall into both new categories. Other proposed changes include expansion of the family circumstances category, additions of "victim of assault" and "changes in law" categories, and rephrasing of the "Other Circumstances" catch-all provision. *See* Preliminary "Reader-Friendly" Version of Proposed Amendments (ussc.gov) at 6–8 (last visited Feb. 8, 2023).

[32] *Andrews*, 12 F.4th at 259–60.

[33] 18 U.S.C. § 3582(c)(1)(A)(i).

[34] *United States v. Smith*, No. 09-187, 2020 WL 4047485, at *2 (W.D. Pa. July 20, 2020).

[35] ECF Doc. No. 171–1 at 3.

[36] ECF Doc. No. 175 at 8.

[37] 18 U.S.C. § 3582(c)(1)(A)(i).

[38] 28 C.F.R. § 542.10; 28 C.F.R. § 542.18.

[39] *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

[40] *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021); *United States v. Melendez*, No. 18-304, 2022 WL 3588022, at *2 (E.D. Pa Aug. 22, 2022).

[41] *United States v. Miller*, No. 15-417, 2021 WL 2711728, at *3 (N.D. Cal. July 1, 2021).

[42] *United States v. Williams*, No. 18-132, 2021 WL 2400860, at *4 (W.D. Wash June 11, 2021).

[43] *United States v. Grant*, No. 18-34, 2022 WL 558347, at *5 (E.D. Pa. Feb. 24, 2022).

[44] ECF Doc. No. 175 at 8.

[45] *Melendez*, 2022 WL 3588022 at *2.

[46] ECF Doc. No. 171–1 at 3; *see also Melendez*, 2022 WL 3588022 at *2; *Raia*, 954 F.3d at 597.

[47] *See United States v. Williams*, No. 18-132, 2021 WL 2400860, at *4; *United States v. Grant*, 2022 WL 558347, at *5.

[48] ECF Doc. No. 172 at 26–27. We do not know the specifics of Mr. Salley's history of non-compliance. ECF Doc. No. 176.

[49] *United States v. Gonzalez Zambrano*, 18-2002, 2021 WL 248592 (N.D. Iowa Jan. 25, 2021).

[50] ECF Doc. No. 175 at 8.

[51] *See Melendez*, 2022 WL 3588022 at *3.

[52] ECF Doc. No. 171–1 at 3–19.

[53] *Id.* at 9–13.

[54] *Id.* at 3–13.

[55] ECF Doc. No. 175 at 8.

[56] *Id.* at 10–13.

[57] *See* ECF Doc. No. 162. at 6–8.

[58] *See id.*

[59] ECF Doc. No. 172; ECF Doc. No. 171–1 at 6–9.

[60] ECF Doc. No. 162 at 7.

[61] *See* ECF Doc. No. 175 at 8.

[62] ECF Doc. No. 172 at 440.

[63] *Id.*

[64] *See* ECF Doc. No. 162 at 6–8. *See also United States v. Iezzi*, No. 17-157, 2021 WL 5832767, at *5 (W.D. Pa. Dec. 9, 2021) ("As previously noted, many courts have found that end-stage kidney failure rises to the 'extraordinary and compelling' level because it falls into the category of 'end-stage organ disease' which is enumerated in the Application Note."); *United States v. Hickson*, No.13-24, 2021 WL 1687317, at *4 (M.D. Ga. Apr. 29, 2021), *report and recommendation adopted*, No. 13-24, 2021 WL 2697535 (M.D. Ga. June 30, 2021) (collecting cases and finding end-stage renal disease qualifies as "end-stage organ disease"); *United States v. Holloway*, No. 09-

30, 2021 WL 4710819, at *3 (W.D. Va. Oct. 8, 2021); *but see United States v. Medeiros*, No. 19-137, 2021 WL 2636012, at *4–6 (D. Haw. June 25, 2021) (finding no extraordinary and compelling circumstances when petitioner had stage 5 chronic kidney disease and various other ailments but effectively managed his kidney disease with dialysis).

[65] ECF Doc. 171–1 at 14.

[66] *Id.* at 14–15.

[67] ECF Doc. No. 175 at 15; 18 U.S.C. § 3553(a)(2).

[68] 18 U.S.C. § 3582(c)(1)(A)(i).

[69] *Iezzi*, 2021 WL 5832767, at *6 (further citations omitted).

[70] ECF Doc. No. 162 at 7–8.

[71] ECF Doc. No. 119 at 1.

[72] ECF Doc. No. 162 at 8, n. 80.

[73] We also considered Mr. Salley's physical condition and medical history in light of the COVID-19 pandemic when imposing his ninety-month sentence on August 6, 2021. *Id.* at 3.

[74] *Id.* at 9.

[75] ECF Doc. No. 175 at 15.

[76] 18 U.S.C. § 3553(a)(2)(A)-(D); *United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) ("Because a defendant's sentence reflects the sentencing judge's view of the § 3553(a) factors at the time of sentencing, the time remaining in that sentence may—along with the circumstances underlying the motion for compassionate release and the need to avoid unwarranted disparities among similarly situated inmates—inform whether immediate release would be consistent with those factors.").